UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>    Debtor<br>_____<br><br>BDC Group, Inc.,<br><br>    Plaintiff<br>vs.<br><br>Breakout Capital, LLC, Green Note Capital Partners SPV LLC, KYF Global Partners, Marlin Capital Solutions (nka PEAC Solutions), Keystone Savings Bank and Sheets Sterling, Inc.,<br><br>    Defendants | Chapter 11<br><br>Bankruptcy No. 23-00484<br><br><br><br><br><br>Adversary No. 23-09042 |

## ORDER ON EXTENDING THE AUTOMATIC STAY TO A RELATED PARTY UNTIL THE FINAL CONFIRMATION HEARING

The matter before the Court is Debtor's request to extend a temporary restraining order in this adversary. This adversary seeks to extend the Automatic Stay to Dennis Bruce, principle of BDC Group, Inc. and guarantor on multiple loans, until a final Plan Confirmation Hearing is held in the lead bankruptcy case. The Court held a hearing on this matter on November 3, 2023 after initially granting a Temporary Restraining Order Extending the Stay (Doc. 10).

While courts have weighed many factors when addressing the need for this kind of injunctive relief, this Court has traditionally considered "(1) whether there is

a likelihood of successful reorganization; (2) whether there is imminent irreparable harm to the estate in the absence of an injunction; (3) whether the balance of harms tips in favor of the moving party; and (4) whether the public interest weighs in favor of an injunction." In re Three Seas Realty II, L.L.C., No. 10-00948 S, 2010 WL 2857598, at *4 (Bankr. N.D. Iowa July 19, 2010); see also In re River Family Farms, Inc., 85 B.R. 816, 819 (Bankr. N.D. Iowa 1987) (collecting cases).

This Court has extended the type of equitable relief Debtor requests here—stays against guarantors—most notably in In re Bailey Ridge Partners, LLC, 571 B.R. 430 (Bankr. N.D. Iowa 2017) ("Bailey Ridge"). In Bailey Ridge, this Court placed emphasis on the Debtor's clear path to reorganization and the threat to that reorganization—and by extension, the estate—without extending to automatic stay to the guarantors. Id. Here, in contrast, the Court finds nothing in the record to support any such finding of a "clear path to reorganization." For example, in Bailey Ridge, the Debtor was working on new contracts for their pig farming operations and generating revenue under those contracts. Here, Debtor has had to wind down and liquidate its operations in Virginia. Further, in Bailey Ridge, the guarantors were anticipating fully paying their creditors through the reorganization plan. Here, no such unusual circumstances are present. Finally, Debtor has yet to propose a plan of reorganization that hasn't been met by vehement creditor objections. Debtor has failed to carry its burden of proof under these factors and this case is not one of the "limited circumstances" that require the extreme remedy requested. In re River Family Farms, Inc., 85 B.R. at 819.

**IT IS ORDERED THAT:**

For the above reasons and for the reasons stated at the hearing, the Court finds that a further extension of the automatic stay to Dennis Bruce is unwarranted and hereby DENIES Debtor's motion for a Preliminary Restraining Order and dissolves the current Temporary Restraining Order.

**IT IS FURTHER ORDERED THAT:**

The hearing set in this matter on November 9, 2023 at 2:30 PM is hereby CANCELED.

Ordered: November 9, 2023

Thad J. Collins
Chief Bankruptcy Judge